IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANNE HILL,

   Plaintiff,

     v.

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-1639-TWT

**OPINION AND ORDER**

This is a wrongful foreclosure action. It is before the Court on a Motion to Dismiss [Doc. 3] of the Defendants JPMorgan Chase Bank, National Association and Deutsche Bank National Trust Company. For the reasons set forth below, the Motion to Dismiss [Doc. 3] is GRANTED.

**I. Background**

The relevant allegations from the Amended Complaint are as follows. On June 4, 1999 the Plaintiff purchased the property located at 3014 Lake Park Drive in Jonesboro, Georgia. (Am. Compl. ¶ 6.) In May of 2003, the Plaintiff executed a promissory note and a security deed covering the Property in favor of Washington Mutual Bank, F.A. (Am. Compl. ¶¶ 9-10.) In 2005, the Plaintiff refinanced the loan,

again with Washington Mutual, and signed another security deed in connection therewith. (Am. Compl. ¶¶ 12, 14.) The Plaintiff's new mortgage became part of a mortgage pool which was then securitized. (Am. Compl. ¶ 15.) The Defendant Deutsche Bank National Trust Company was the trustee for the mortgage-backed securities. (Am. Compl. ¶ 15.) The initial servicer of the mortgage-backed securities, Washington Mutual Mortgage Securities Corporation, was replaced by the Defendant JPMorgan Chase Bank after the Federal Deposit Insurance Corporation ("FDIC") took over Washington Mutual. (Am. Compl. ¶ 15.)

On November 10, 2012, the FDIC assigned the second security deed to the Defendant JPMorgan Chase. (Am. Compl. ¶ 17.) The assignment was recorded in Clayton County, Georgia. (Am. Compl. ¶ 17.) On January 11, 2013, the Defendant JPMorgan Chase sent the Plaintiff a notice of foreclosure. (Am. Compl. ¶ 20.) On March 5, 2013, the Defendant JPMorgan Chase sold the Property at a foreclosure sale. (Am. Compl. ¶ 23.) The Plaintiff brought suit, asserting claims for wrongful foreclosure and seeking equitable relief.[1] The Defendants JPMorgan Chase Bank and Deutsche Bank National Trust Company move to dismiss.

---

[1] Specifically, the Plaintiff requests: (1) that the foreclosure sale be set aside, (2) declaratory relief, and (3) quiet title to the Property.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369.

### III. Discussion

The Plaintiff admits that the second security deed was assigned to the Defendant JPMorgan Chase, and that it was recorded in the relevant jurisdiction.[2] The Plaintiff does not deny that she was in default on her loan. Nevertheless, she argues that the foreclosure was wrongful because (1) the Defendant JPMorgan Chase had no right to foreclose, and (2) the foreclosure notice she received did not satisfy Georgia statutory requirements.

---

[2] "Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." You v. JP Morgan Chase Bank, 293 Ga. 67, 74 (2013).

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174 (2012) (internal quotation marks omitted). First, the Plaintiff claims that the Defendant JPMorgan Chase had no right to foreclose because the Assignment was invalid. "A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449 (2008). Here, the Plaintiff's claim fails because she does not have standing to challenge the assignment. See, e.g., Montgomery v. Bank of Am., 321 Ga. App. 343, 346 (2013) ("[T]he assignment was contractual, and because Montgomery was not a party to the assignment . . . he lacked the standing to contest its validity."); Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343-44 (N.D. Ga. 2013) ("[C]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale."). In any event, the Plaintiff's argument for why the Assignment was invalid is contradicted by both her Amended Complaint and an attached exhibit. The Plaintiff claims, in her Response to the Motion to Dismiss, that the assignment was invalid because it "purports to assign the Security Deed from Chase to Chase." (Pl.'s Resp. to Mot. to

Dismiss, at 3.) But her Amended Complaint states that it was the FDIC that assigned the second security deed to the Defendant JPMorgan Chase. (Am. Compl. ¶ 17.) This is also supported by the text of the assignment, which the Plaintiff attached to her Amended Complaint. (Am. Compl., Ex. I.)

Second, the Plaintiff argues that the notice of foreclosure was deficient because it only listed the contact information for the Defendant JPMorgan Chase, whereas it was the Defendant Deutsche Bank that had the authority to modify the Plaintiff's mortgage. (Pl.'s Resp. to Mot. to Dismiss, at 11.) Under Georgia law, a notice of foreclosure "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44-14-162.2(a). "[T]he statute does not require that notice letters must identify the security creditor." Carr v. U.S. Bank, NA, 534 Fed. Appx. 878, 881 (11th Cir. 2013). "The only entity that [has] to be identified in the Notice [is] the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent." Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013). Here, the Defendants point out, correctly, that the allegation the Plaintiff is now relying on – that the Defendant JPMorgan Chase lacked the requisite authority – is not

in the Amended Complaint.³ (Defs.' Reply in Supp. of Mot. to Dismiss, at 9.) And the Plaintiff has not filed a Motion to amend her pleadings to include this allegation. In the Amended Complaint, the Plaintiff simply alleges that the "Notice is facially defective because it does not identify the Secured Creditor who claims to hold both the Note and the Security Deed." (Am. Compl. ¶ 22.) As explained above, this is not required. Thus, the Plaintiff's wrongful foreclosure claims should be dismissed.⁴

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 3].

SO ORDERED, this   24   day of March, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

  ³ In her Amended Complaint, the Plaintiff only states that the Defendant JPMorgan Chase was the servicer of her mortgage. (Am. Compl. ¶¶ 15-16, 19, 21.)

  ⁴ Because the Plaintiff has failed to allege a plausible claim for wrongful foreclosure, she is not entitled to quiet title relief. See Clark v. PNC Bank, N.A., 1:13-CV-1305-WSD, 2014 WL 359932, at *7 (N.D. Ga. Feb. 3, 2014) ("Plaintiff cannot state a claim for quiet title to the Property because, having found that the foreclosure sale was not wrongful, Plaintiff lacks any rights in the Property . . . [e]ven if the Property had not been sold at foreclosure, Plaintiff's claim for quiet title must be dismissed because any right to legal title to the Property he has is subordinate to PNC's rights under the Security Deed.").